# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**LLOYD T. SCHUENKE,**
            **Plaintiff,**

            **v.**                                              **Case No. 18-C-0153**

**UNITED STATES OF AMERICA, et al.,**
            **Defendant.**

---

## DECISION AND ORDER

Lloyd Schuenke has filed a complaint in this court under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He sues the United States of America, President Donald Trump, the U.S. Senate, and the U.S. House of Representatives. He alleges that the part of the Antiterrorism and Effective Death Penalty Act of 1996 creating the one-year period of limitation on habeas petitions filed by persons in custody pursuant to a state-court judgment, 28 U.S.C. § 2244(d), is unconstitutional. He requests an injunction against the enforcement of § 2244(d), an order reinstating all habeas petitions that any court ever dismissed under § 2244(d), and damages.

Obviously, there are a number of problems with this suit. But perhaps the most fundamental is that Schuenke does not in this action seek relief under 28 U.S.C. § 2254. Because § 2244(d) is nothing more than a defense to a petition for a writ of habeas corpus under § 2254, it is not possible to bring a challenge to the constitutionality of § 2244(d) outside of a § 2254 petition. The only possible remedy would be for the court to disregard § 2244(d) and consider the habeas petition on the merits. No person or entity could be liable for damages or injunctive relief. Therefore,

Schuenke has not stated a claim on which relief may be granted, and I will dismiss this suit under 28 U.S.C. § 1915(e)(2)(B).

For the reasons stated, **IT IS ORDERED** that the complaint and this action are **DISMISSED** for failure to state a claim on which relief may be granted.  The Clerk of Court shall enter final judgment.

Dated at Milwaukee, Wisconsin, this 12th day of March, 2018.


s/Lynn Adelman_____
LYNN ADELMAN
District Judge